ιℂ

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RECEIVED

MAR 19 2026  mₐₘ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **LEXIS PROCHASKA,** | ) | CASE NO: 26- CV- |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | PRESIDING JUDGE: |
| vs. | ) | |
| | ) | **TRIAL BY JURY** |
| **CHICAGO POLICE DEPARTMENT,** | ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** | ) | 1:26-cv-03104 |
| **CENTRAL INTELLIGENCE AGENCY,** | ) | Judge Elaine E. Bucklo |
| **AMERICAN ISRAEL PUBLIC AFFAIRS,** | ) | Magistrate Judge Beth W. Jantz |
| **BIDEN ADMINISTRATION,** | ) | RANDOM / Cat. 2 |
| **TRUMP ADMINISTRATION, AND FOOD** | ) | |
| **AND DRUG ADMINISTRATION** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Now comes Plaintiff, **LEXIS PROCHASKA ("Prochaska"),** acting Pro Se, and

complaining against Defendant, **CHICAGO POLICE DEPARTMENT ("CPD") / FEDERAL**

**BUREAU of INVESTIGATION ("FBI")/ CENTRAL INTELLIGENCE AGENCY ("CIA")**

**/ AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE ("AIPAC") / BIDEN**

**ADMINISTRATION / TRUMP ADMINISTRATION, and FOOD AND DRUG**

**ADMINISTRATION** as Defendants to this action and states the following grounds:

## INTRODUCTION

This is a civil action seeking damages against the Defendants for Invasion of Privacy,

unjust enrichment, consumer fraud & deceptive business practices and intentional infliction of

emotional distress.

## PARTIES

1. Plaintiff Lexis Prochaska ("Prochaska") is an individual that is a resident of the City of Chicago and resides at premises known as 171 West Oak St. Apt. 6K, Chicago, IL 60610, County of Cook.

2. Defendant Chicago Police Department ("CPD"), Federal Bureau of Investigation ("FBI"), Central Intelligence Agency ("CIA"), American Isreal Public Affairs Committee ("AIPAC"), Biden Administration ("Biden"), Trump Administration ("Trump"), and Food and Drug Administration ("FDA") are governmental entities tasked with a myriad of tasks on behalf of citizens.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 as the cause of action arises out of the Defendant's harassment of Prochaska, while residing in the City of Chicago under the laws of Illinois, The United States of America, and the United Nations. Furthermore, the Defendants have committed a long series of tortious and fraudulent acts to Prochaska while within the geographical parameters of the City of Chicago, Illinois, New York, California, Georgia, and other parts of the United States.

4. Venue is proper in this Court because a substantial part of the events giving rise to this claim occurred in the city of Chicago.

## FACTS COMMON TO ALL COUNTS

5. Prochaska is a resident of the City of Chicago and has been intentionally followed by the Defendants by foot, video surveillance, vehicle and helicopter.

6. On or about January 2021 around the time that a 14 year legal battle against the VBA ("Veteran Benefit Administration") admitted to having beaten, raped, and tortured Prochaska during military service, now documented and factually admitted by the administration to current day, after 4 denials with significant psychological torture and gaslighting was completed ending with a 100% T&P (Total & Permanent), Prochaska

observed the Defendants in helicopters, drones, and by foot following her in and throughout the United States.

7. In fact, Defendants, through various shifting of officers and precincts, continuously followed Prochaska 5-6 times per week and multiple times daily. Prochaska recorded about 1/5th of the incidents with over 130 current recordings meaning there are over 650 events not recorded. See **Exhibit A** of some of those videos attached hereto.

8. Prochaska has been detrimentally impacted by the deliberate, blatent, wantful, willful and purely evil actions of the Defendants.

## COUNT I

### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES

9. Plaintiff repeats, realleges and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 8 above as if set forth fully herein.

10. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. Seq., provides in relevant part:

    a. "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to, the use or employment of any deception, fraud, false pretense, false promises, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material facts in the conduct of any trade or commerce are hereby declared unlawful."

11. By reason of the foregoing, Defendants utilized their position of power over Plaintiff in a blatant, wantful and willful unfair and deceptive manner in violation of the aforementioned provision.

12. Defendant consistently conducted and portrayed fraud and unfair methods to prevent Plaintiff's ability to live in peace and free of fear, terrorizing an already terrorized honorably discharged America veteran.

13. Defendant's actions were unfair and/or deceptive and in violation of the consumer fraud act and that deception occurred in the course of conduct involving trade or commerce.

14. WHEREFORE, Plaintiff respectfully requests this Court to grant it the following relief:

    a. Enter a judgment in Plaintiff's favor and against Defendant for compensatory damages in an amount to be proven at trial, but in no event less than seven million ($7,000,000) dollars;

    b. Consequential damages in an amount to be proven at trial;

    c. Punitive damages sufficient to punish Defendant and deter others similarly situated from engaging in similar conduct;

    d. Award fees and costs of this suit; and

    e. Award any other such relief that this Court deems just.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. Plaintiff repeats, realleges and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 14 above as if set forth fully herein.

16. Illinois recognizes a cause of action for Intentional Infliction of Emotional Distress, which makes unlawful certain extreme and outrageous conduct resulting in severe emotional distress to a veteran already rated at 100% compensation for honorably discharged Post Traumatic Stress with Traumatic Brain Injury when superios took turns beating me in the head and face, and multiple documented rapes and irrevocably service connected.

17. Defendant acted with actual malice and evil intent in following, constantly watching, stalking, and harassing Plaintiff, even simply walking out of their apartment or going to the grocery store.

18. Employees for Defendants intentionally sabotaged Plaintiff's attempt to contact the city or government regarding the aforementioned harassment. Majority of conversations were intentionally disrespectful and designed to harass.

19. Defendants extreme and outrageous conduct, including but not limited to the acts of stalking, harassing, and watching to intentionally cause Plaintiff mental and emotional distress to an already traumatized mind from honorable military service.

20. Plaintiff has suffered illness, emotional distress, hopelessness, despair, and humiliation.

21. Defendants acted with intentional malice with an affirmative, conscious and intentional disregard of specific consequences designed to injure Plaintiff.

22. Defendant's conduct appears to be motivated by evil intent or callous indifference to Plaintiffs domestic and constitutional rights and/or to cover up the 30% of military members who are also sexually assaulted not counting the other tortures like being beaten in the head and denying that it happened for 14 years.

23. Defendant caused and continues to cause unnecessary stress by their actions.

24. WHEREFORE, Plaintiffs respectfully request this Court to grant it the following relief:

    a. Enter a judgment in Plaintiff's favor and against Defendant for compensatory damages in an amount to be proven at trial, but in no event less than seven million ($7,000,000) dollars;

    b. Consequential damages in an amount to be proven at trial;

    c. Punitive damages sufficient to punish Defendant and deter others similarly situated from engaging in similar conduct;

    d. Award fees and costs of this suit; and

    e. Award any other such relief that this Court deems just.

Respectfully Submitted,

Lexis Prochaska

Lexis Prochaska, Pro Se
171 W Oak St. Apt. 6K,
Chicago, IL 60610
(773) 458-4780